285 So.2d 501

Paul Warren **BATES**

v.

**STATE.**

**8 Div. 282.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

Rehearing Denied Oct. 16, 1973.

cuit Court of Madison County and sentenced to eight years.

The relevant facts are not in dispute. On April 27, 1971, Detective Bragg of the Huntsville Police Department investigated a burglary at Roy Jack's Grocery. He went to the scene and was told by Mr. Campbell, the owner, that ninety cartons of cigarettes, a Consumer Money Order Machine, and forty-four money orders were missing. The owner stated that taped to the machine was the name "Max Gray" and a telephone number. Detective Bragg saw one burglary suspect, Joe Dean Bryant, sitting in a patrol car at the scene. That same night, after the burglary, Detective Bragg saw a small black English Ford in front of the B. & B. Cafe. The automobile was unoccupied at the time. He went to Judge Dave Archer on May 5, 1971, and applied for a warrant to search the cafe. Deputy Sheriff Bob Eddy accompanied him when the warrant was executed. In a room adjoining the cafe dining room, the money order machine was found in a cardboard box at the foot of a cot. Taped to the machine was the name "Max Gray" and the number 63.54.

The State introduced the search warrant and its supporting affidavit, which were identified by Detective Bragg. Appellant questioned the validity of the warrant and asked to take this witness on voir dire. The examination was conducted in the presence of the jury, without objection. Subsequently the Court overruled appellant's objection that the affidavit was based on hearsay evidence.

The most important question presented in this appeal is whether sufficient evidence establishing probable cause was before the issuing magistrate. The sole evidence upon which the warrant was issued is contained in the following affidavit:

Sullins & King, Huntsville, for appellant.

No brief for appellee.

DeCARLO, Judge.

Paul Warren Bates was indicted on a charge of buying, receiving, concealing or aiding in concealing a stolen money order machine. He was found guilty in the Cir-

"COPY OF STATE'S EXHIBIT 1

"STATE OF ALABAMA  &#125; CIRCUIT COURT
"COUNTY OF MADISON

## "AFFIDAVIT FOR SEARCH WARRANT

"Comes Nolan Bragg an officer of the law of the State of Alabama, now holding the position of Detective with the: (agency or department) Huntsville Police Department before the Honorable _____ , Judge or Magistrate of the _____ Court of Madison County, Huntsville, Alabama; and being duly sworn, on oath deposes and says that he is informed and believes and upon such information and belief verily states that the following statement of facts presented to the Court, as probable cause for the issuance of a search warrant, are true and correct:

"I have been personally informed by confidential informer a reliable informant that certain personal property, more particularly described as follows, to wit: Consumer Money Order, bearing the name Max Gray, bearing the number 63.54 is concealed in or about the premises of: Paul Bates, located at the B & B Cafe, 122 Abington Avenue, N. W., Huntsville, Alabama Madison County, Alabama, I further depose and say that the reasons for my belief that the above information is reliable and for my belief in the reliability of the aforenamed informer are as follows: Last night about 11:45 P.M. a confidential informer told officers that he was to go with Joe Dean Bryant & Wm. O. Smith and others to break into Roy Jacks Grocery and that he did not but that these boys went to Jacks Grocery in Black English Ford and that they talked to him about the burglary and told him they had broken in and stolen cigarettes and money order machine and went back to get meat and got caught. They told him they took items to Paul Bates at the B & B Cafe and sold them. This confidential informer went to Paul Bates B & B Cafe and saw a money order machine at the cafe two days ago. This informer has given information on other occassions (sic) that has proven correct and has resulted in some arrests. Further, on the night of the burglary of Jacks Grocery, this detective saw a black English Ford parked at the B & B Cafe after the approximate time of the burglary, and also, both Bryant and Smith have been arrested for this Burglary of Jacks Grocery and were in a black English Ford. Affiant further believes that the aforesaid personal property, goods, wares, or merchandise is concealed or held illegally, by the aforementioned owner or person in possession of the above described premises, due to the following fact, that said property:

"   x   is property that has been stolen or embezzled, or

"   x   was used as the means of committing a felony, or

"       it is now on said premises in the possession of a person or persons with the intent to use it as a means of committing a public offense, or

"       it is in the possession of a person or persons to whom it was delivered unlawfully for the purpose of concealing it or preventing its discovery.

"/s/ Nolan R. Bragg

"Sworn to and subscribed before me this 5th day of May, 1971

"/s/ David R. Archer."

In Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723, the U.S. Supreme Court stated:

"An evaluation of the constitutionality of a search warrant should begin with the rule that 'the informed and deliberate determinations of magistrates empowered to issue warrants * * * are to be preferred over the hurried action of officers * * * who may happen to make arrests.' United States v. Lefkowitz, 285 U.S. 452, 464, 52 S.Ct. 420, 423, 76 L.Ed. 877: The reasons for this rule go to the foundations of the Fourth Amendment."

■ In order for a search warrant to be sufficient and satisfy the constitutional requirement of probable cause, the affidavit upon which it is based must contain competent evidence to support the magistrate's finding. Skelton v. Superior Court of Orange County, 1 Cal.3d 144, 81 Cal. Rptr. 613, 460 P.2d 485. The sufficiency of an affidavit is determined by whether it meets the stipulations for probable cause as laid down in *Aguilar*, supra.

That test is two-fold and sets the following requirements:

" . . . [T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825 [11 L.Ed.2d 887], was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires . . . ."

■ The appellant Bates contends that this affidavit was based on hearsay, thus insufficient for the issuance of a search warrant. He argues that Detective Bragg's affidavit is deficient as the allegation that stolen goods were delivered to Bates or were recently observed on the B. & B. Cafe premises is not corroborated. Neither *Aguilar*, supra nor Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, required "corroboration" or independent evidence of the reliability of information contained in an affidavit. *Skelton*, supra.

■ The appellant here questions whether the affidavit which sets out personal observations of one other than the affiant is sufficient to establish probable cause to search. So long as there appears a substantial basis for crediting the hearsay, an affidavit is not to be deemed insufficient. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

"If an officer may act upon probable cause without a warrant when the only incriminating evidence in his possession is hearsay, it would be incongruous to hold that such evidence presented in an affidavit is insufficient basis for a warrant. If evidence of a more judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant must be presented when a warrant is sought, warrants could seldom legitimatize police conduct, and resort to them would ultimately be discouraged."

\*    \*    \*    \*    \*    \*

"We conclude therefore that hearsay may be the basis for a warrant." Jones, supra.

■ We say that in the instant case there was sufficient basis for accepting the hearsay, and that the magistrate acted properly. Judge Archer did not need to be convinced that the money order machine was in the B. & B. Cafe, but only that it probably was.

**342**

It should be noted that the first informer furnished Detective Bragg with information that the money order machine was located on the premises of B. & B. Cafe. The source of the detective's next information was the police officers' informer, and that information was credited by the following facts within Detective Bragg's own knowledge:

1. At the scene of the burglary, he observed a box containing items of meat, etc. sitting just outside the back door.

2. At this time, he also saw Joe Dean Bryant sitting in the patrol car.

3. He knew that Joe Dean Bryant and another had been arrested for the crime.

4. He had seen a small black English Ford parked at the B. & B. Cafe on the night in question.

The foregoing facts all contributed to a substantial basis for crediting the hearsay and insuring the reliability of not only the police informer, but the original informer who placed the goods at the appellant's location.

■ Although the first informer may not have been previously tested for his reliability, we hold that the informer was tested in the instant case. An informer need not be shown to be reliable any particular number of times. The accuracy of his information was analyzed in every particular, and its reliability met the test of justifying a reasonable man in believing the machine was probably located on the B. & B. premises. Clenney v. State, 281 Ala. 9, 198 So.2d 293.

■ The appellant takes the position that the search warrant was defective in that it described the article to be seized as a Consumer Money Order when, in fact, the

article seized was a Paymaster Money Order Machine.

The face of the warrant showed the article in question as a Consumer Money Order, bearing the name "Max Gray" and the number 63.54. Mr. Campbell, the owner of the store, described it as follows:

"Well, it was a small money order. It had Max Gray on the machine and his telephone number. He is the superintendent—"

We hold that the description here in the affidavit and the search warrant were specific enough to enable the officers to identify and locate the machine. It is sufficient if the description is such that a prudent officer is able to locate the property with reasonable certainty from the face of the warrant.

Counsel for appellant insists the court committed error when it allowed the solicitor to ask certain questions and argue to the jury matters he claims were improper.

■ After a consideration of each of the questions and statements cited by defense, we do not find their effect created an atmosphere of prejudice toward this appellant. In each instance, the court made a proper ruling, and, where necessary, directed the jury to disregard those statements.

■ Each case must be determined by its own peculiar facts with much discretion left to the trial judge. Garrett v. State, 268 Ala. 299, 105 So.2d 541. In such situations, the trial judge sits in the pit and is in a much better position to determine whether a remark or question is so prejudicial as to constitute error. McAllister v. State, 44 Ala.App. 511, 214 So.2d 862.

In conclusion, the trial judge in his oral charge impressively admonished the jury in the following manner:

"Now, ladies and gentlemen, you have heard some evidence in this case in re-

gard to some issue of some bootlegging or some liquor in this case. Now, ladies and gentlemen, you are not concerned with whether this defendant has ever sold or manufactured or drank any liquor or anything else. That's not an element in this case from the standpoing (sic) of consideration by you of his guilt. Whatever evidence is in this case relative to that is evidence that came in in relationship to some other issue. As to whether or not that he had a reputation of being a bootlegger, if he does, whether or not he has ever sold whiskey is no concern of yours. The concern of yours in this case is whether or not he is guilty under this indictment, whether he did buy, receive, conceal or aid in concealing stolen property. That is the only issue in this case regardless of what else might be considered or known or thought about him. It doesn't make any difference. The issue for you to determine in this case is whether or not he did buy, receive, conceal or aid in concealing stolen property and you confine it to that issue."

Last the appellant complains that the trial court committed error when it refused his requested charges, one, two and four.

We find no error in the court's rulings in this respect as each requested charge was adequately covered in the court's oral instructions to the jury.

After a careful reading of this record, and much consideration of those matters stressed in appellant's brief, it is our judgment that there is no error in the record, and the judgment of conviction is due to be affirmed.

The judgment below is hereby

Affirmed.

CATES, P. J., and TYSON, J., concur.

ALMON and HARRIS, JJ., concur in result.