301 So.2d 214

**Ronald Terry RUSSELL, alias**

**v.**

**STATE.**

**7 Div. 306.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Charles L. Parks, Anniston, for appellant.

TYSON, Judge.

The indictment charged the appellant, Ronald Terry Russell, with the unlawful possession of Marihuana, contrary to law.[1] The Jury found the appellant guilty as charged but declined to assess a fine. The trial court then entered judgment, setting punishment at three years imprisonment in the penitentiary.

Sergeant James Ballard of the Vice Squad, Narcotics Division of the City of Anniston, testified that on June 7, 1973, he

---

1. Act No. 1407, 1971 Regular Session, now codified as Title 22, Section 258(25–60), Code of Alabama 1940, as amended.

went before Judge W. C. Daniel of the Calhoun County Court and obtained a search warrant for the premises located at 1915 Moore Avenue in the City of Anniston. He testified that the Police Department had had the premises under observation for approximately three weeks prior to his obtaining the search warrant. He testified that he obtained the warrant from Judge Daniel between 3:00 and 4:00 in the afternoon and went to the premises, which were leased by the appellant, Ronald Terry Russell, shortly before 6:00 p. m. on June 7, 1973. He was accompanied on this occasion by Sergeant Emmett Doggrell, and Calhoun County Deputies Stanley Merrill and Bobby Rowan. He testified that they knocked on the front door of the premises in question and that the appellant answered. They then presented him with the search warrant, advising him that they wished to search an outbuilding immediately behind the residence. Sergeant Ballard testified that the appellant immediately stated, "Well, I'll have to get the key, I don't want to waste your time, I'll meet you out back."

The officers then went to the rear of the residence, and the appellant came out the back door and proceeded to unlock the door to the outbuilding. Both Sergeant Ballard and Sergeant Doggrell, as well as Deputy Rowan, testified that the appellant stated to them that there was an old automobile, which had no motor in it, there, and it was "an old junk car with no tag." He stated that the appellant unlocked the trunk of this car and from it obtained a brown paper bag which he handed to the officers. The officers stated that the appellant then went into the outbuilding and obtained a green metal box, which he then turned over to the officers, and upon opening it they found two plastic bags which contained a brown vegetable matter. Each of the three officers testified that they opened the brown paper bag and from it removed seven clear plastic bags, containing a dry plant material. These items, which were seized on this occasion, were delivered by the officers to the State Toxicology Office, and at trial F. Taylor Noggle, State Toxicologist, testified from his examination of the material in these plastic bags, the substance in question was marihuana, a total of 166.33 grams.

At the close of the State's evidence, the appellant made a motion to exclude the State's evidence, which was overruled.

The appellant offered no testimony in his behalf at trial.

I

█ Prior to its introduction in evidence, the appellant made a motion to suppress the affidavit and warrant in this cause, stating that such did not make out a case of probable cause, and that the affidavit was insufficient when measured by the standards of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. The challenged affidavit and warrant are as follows:

"STATE'S EXHIBIT NUMBER 1

| STATE OF ALABAMA | |
|---|---|
| CALHOUN COUNTY | AFFIDAVIT FOR SEARCH WARRANT |

Before me, W. C. Daniel, Judge of Calhoun County Court, personally appeared James N. Ballard, known to me to be a police officer with the City of Anniston, Calhoun County, Alabama, who, after being first duly sworn deposes and

says that he has probable cause to believe that marijuana is being kept illegally on the premises of Terry Russell at 1915 Moore Avenue in an outbuilding behind the residence at said address. My information was obtained from a reliable informer who has given me good and valid information in the past on which I have been able to rely. The said informer reported to me that he has been to the outbuilding in the rear of 1915 Moore Avenue, Anniston, within the last three days and while there he purchased marijuana from the said Terry Russell in the said outbuilding. On the basis of this information I request a search warrant for the search of the said premises of Terry Russell for marijuana.

/s/ James N. Ballard
Affiant

Sworn to and subscribed before me this 7 day of June, 1973.

/s/ W. C. Daniel
Judge, Calhoun County Court"

"STATE OF ALABAMA,
CALHOUN COUNTY.

IN THE COUNTY COURT OF CALHOUN COUNTY

SEARCH WARRANT

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA

Proof by affidavit having been made to me by James N. Ballard, known to me to be a police officer with the City of Anniston, Alabama, Calhoun County, that he has probable cause to believe that marijuana is being kept for the purpose of sale contrary to the laws of the State of Alabama, on the premises of Terry Russell in an outbuilding on the rear of the lot at 1915 Moore Avenue, Anniston, Calhoun County, Alabama. You are therefore commanded to make an immediate search of the said premises of Terry Russell at the rear of 1915 Moore Avenue, Anniston, Alabama, in the day time for any marijuana or illegal drugs which you may find on the said premises and to make an immediate return to this Court of any such marijuana or illegal drugs as you might find on said premises.

Done this 7 day of June, 1973.

/s/ W. C. Daniel
Judge, County Court of Calhoun County

Executed 6–7–73 6:00 P.M.

By Deputies Bobby Rowle [Sic] & Stanley Merrill, Sgt. Doggrell & Det. Ballard."

In hearing the motion to suppress, the trial court determined that, in addition to the matters set forth in the affidavit, Sergeant Ballard stated to Judge Daniel the following:

1. That he wished to search a concrete block outbuilding, located to the rear of the residence at 1915 Moore Avenue, Anniston, Alabama;

2. That the appellant, according to the informant, leased these premises and lived there with his wife;

3. That no other tenants resided on these premises;

4. That the informant had purchased marihuana from the appellant within the past three days at this address;

5. That within the year 1973 the informant had given the officer information in seven or eight previous cases, and that

he obtained convictions in five of these, or slightly over 50%;

6. That he and other officers had been observing the premises in question for the past three weeks, and had seen a number of persons going in and coming out of the outbuilding at the rear of the residence;

7. That he last talked with his informant on the day that he obtained the search warrant.

We are of the opinion that this affidavit and warrant are legally sufficient, when tested by *Aguilar* and *Spinelli*. Clenney v. State, 281 Ala. 9, 198 So.2d 293; Davis v. State, 46 Ala.App. 45, 237 So.2d 635, affirmed 286 Ala. 117, 237 So.2d 640; Bates v. State, 51 Ala.App. 338, 285 So.2d 501, cert. denied 291 Ala. 773, 285 So.2d 506; Funches v. State, 1974, 53 Ala.App. 330, 299 So.2d 771, cert. denied 1974, 293 Ala. ——, 299 So.2d 778.

■ The procedure for giving the issuing magistrate additional information was specifically approved by this Court in Oliver v. State, 46 Ala.App. 118, 238 So.2d 916, which follows Clenney v. State, 281 Ala. 9, 198 So. 293, and which procedure was just approved by this Court in *Funches*, supra.

Moreover, the Supreme Court of the United States in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, cited with approval the following from United States v. Ventresca:

"In evaluating the showing of probable cause necessary to support a search warrant, against the Fourth Amendment's prohibition of unreasonable searches and seizures, we would do well to heed the sound admonition of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965):

" '[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to

be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common ·law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.' 380 U.S., at 108, 85 S. Ct., at 746."

Further, from United States v. Harris:

"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct. Concededly admissions of crime do not always lend credibility to contemporaneous or later accusations of another. But here the informant's admission that over a long period and currently he had been buying illicit liquor on certain premises, itself and without more, implicated that property and furnished probable cause to search."

Finally, from United States v. Harris:

"It will not do to say that warrants may not issue on uncorroborated hearsay. This only avoids the issue of whether there is reason for crediting the out-of-court statement. Nor it is especially significant that neither the name nor the

person of the informant was produced before the magistrate. The police themselves almost certainly knew his name, the truth of the affidavit is not in issue, and McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), disposed of the claim that the informant must be produced whenever the defendant so demands."

It is clear therefore that the trial court properly determined the affidavit and warrant in the case at bar to be legally sufficient. Cases herein cited.

## II

 Appellant contends that the State failed to prove a prima facie case.

Here the State established that the appellant was the lessee of the premises in question and paid the utility bills at this address. The appellant resided at the premises in question with his wife, and there were no other occupants of the premises.

Further, prior to receiving the marihuana in question from the appellant, the officers gave the appellant a full *Miranda* warning in the backyard of the premises in question.

From the record:

"A. As we started to leave, Sergeant Doggrell asked Mr. Russell if that was all, if he had anything in the house, and he said that was all he had—or did he have any more stuff in his house; and he said no, that he kept it all out there, that he didn't want it in his house around his family."

It therefore follows that the ruling by the trial court in determining appellant's motion to exclude was proper. Funches v. State, 1974, 53 Ala.App. 330, 299 So.2d 771, cert. denied, 1974, 293 Ala. ——, 299 So.2d 778, and cases herein cited.

After having carefully examined this record, we are of the opinion that the same

is free from error and that the judgment is due to be and the same is hereby

Affirmed.

CATES, P. J., and ALMON and DeCARLO, JJ., concur.

HARRIS, J., concurs in result.