HARRIS, Judge.
Mrs. Avery was convicted of possessing marihuana and sentenced to four years imprisonment in the penitentiary. At arraignment with retained counsel present she pleaded not guilty. After being sentenced she gave notice, of appeal. New counsel was employed to represent her on this appeal.
The evidence for the State is undisputed. Appellant did not testify and no testimony was adduced in her behalf.
This case stems from a search warrant issued by the Recorder of the Municipal Court of the City of Dothan, Alabama, on April 15, 1975.
The affidavit and search warrant are herein set forth.
“THE STATE OF ALABAMA, HOUSTON COUNTY.
1. Before me William L. Lee III Recorder of the Municipal Court of.the City of Dothan, Alabama, a Municipal Corporation
2. personally appeared Wallace Williams
3. who, being duly sworn, deposes and says that he has probable cause to believe and does believe that Kenneth Avery whose name to the affiant is otherwise unknown, has in his possession Marijuana, contrary to law, at his residence located at # 73 Ussery Homes, Dothan, Houston County, Alabama, said residence being occupied and under the control of Kenneth Avery; affiant’s probable cause for believing the above is as follows: a reliable informer personally told affiant that he personally saw Kenneth Avery, in the possession of Marijuana at said residence within the past 48 hours; affiant further states that his informer is reliable and has given affiant information in the recent past that has proved to be true and correct and upon which convictions have been obtained; affiant further states that he has personally observed people coming to and from this residence that has the reputation for using marijuana. Affiant is a Police Officer for the City of Dothan, assigned to work narcotics.
Sworn to and subscribed before me this, the 15th day of April 1975 /s/ Wallace Williams /s/ William L. Lee ÜI
Recorder of the Municipal Court of the City of Dothan, a Municipal Corporation
“SEARCH WARRANT THE STATE OF ALABAMA, HOUSTON COUNTY.
TO ANY POLICE OFFICER OF THE CITY OF DOTHAN ALABAMA
(a) Proof by affidavit having this day been made before me by Wallace Williams
(b) that he has probable cause to believe and does believe that Kenneth Avery whose name to the affiant is otherwise unknown, has in his possession Marijuana, contrary to law at his residence located at # 73 Ussery Homes, Dothan, Houston County, Alabama.
(c) You are therefore commanded, daylight/only to make immediate search on the person of Kenneth Avery and in and upon the above described premises for the following property:
(d) Marijuana, and if you find the same or any part thereof, to bring it forthwith before me, at my office at 121 North Oates Street, Dothan, Alabama. Dated the 15th day of April 1975. /s/ William L. Lee III
*197 Recorder of the Municipal Court of the City of Dothan, A Municipal Corporation.”
The return to the search warrant shows that it was executed on the 18th day of April, 1975, and listed the following items:
Nine plastic bags containing vegetable material
Five plastic bags containing seed Two pipes
One piece of foil containing charred matter
One needle and syringe
One white plastic box containing seed.
Sergeant Wallace Williams testified that he was employed by the Dothan Police Department and had been so employed for a period exceeding 13 years. He said that on April 18, 1975, he was assigned to the dangerous drug and narcotic division.
He further testified that on the afternoon of April 18, 1975, he along with Officers Mack Cord and Charles Blount went to appellant’s home at Number 73 Ussery Homes in Dothan, Alabama, in Houston County, and served the warrant on appellant. They saw the appellant drive up and saw her enter the home. They followed her to the door and knocked but appellant did not come to the door immediately. When they finally got in the house, Officer Cord started searching in the living room. Officer Williams searched a bedroom and Officer Blount went to kitchen. Williams heard Cord say something and he stepped out of the bedroom to the door leading into the living room where he could see Cord. He saw Cord removing a brown paper bag from under a night stand. Officer Cord opened the brown paper bag in his presence and they found nine plastic bags with seeds and some brown vegetable material. Williams stated that he had personally seen marihuana 250 to 300 times and in his opinion the vegetable material was marihuana.
Appellant was arrested and carried to the Police Station along with the plastic bags in the brown bag, a plastic box containing seed, two pipes and a syringe. These items were sealed with tape and locked in a file cabinet until Williams removed these articles and carried them to the State Toxicology Crime Laboratory in Enterprise where they were delivered to Mrs. Melinda J. Long, the technician and criminalist at the laboratory. He further stated that all these articles were in the same condition as they were when they were removed from appellant’s home.
Sergeant Williams also testified that they had been to appellant’s home two or three times to execute the search warrant prior to April 18,1975. He said it was the policy of the Dothan Police Department to conduct a surveillance of the premises to be searched when they were acting on an informer’s tip to corroborate the informer’s information. He stated that he and Officer Cord had appellant’s apartment under surveillance on the night of April 17,1975. They were in a van parked about 20 to 25 yards from appellant’s apartment. Using binoculars he could see the apartment and the Avery car and he saw appellant come out of the apartment carrying a clear plastic bag containing a brown vegetable material which was similar to the bags found during the search. He stated appellant got in the car and left the apartment and was gone ten or fifteen minutes. That she returned to the apartment and did not have the plastic bag with her.
During cross-examination appellant attempted to elicit the name of the informer but the Court sustained the State’s objection.
Officer Charles Blount testified that he was employed by the ABC Board and assigned to the drug enforcement division and had been so employed for two and a half years. That on the afternoon of April 18, 1975, he went with Officers Williams and Mack Cord to execute a search warrant on appellant. He stated that Mr. Avery was at home at the time they served the search warrant and conducted the search of the apartment. He said they had the apartment under surveillance for 45 minutes or so and the search was around 5 o’clock in the afternoon. The rest of his testimony was substantially the same as that of Officer Williams.
*198 Mrs. Melinda J. Long testified that she was employed as a criminalist at the Staté Toxicology Laboratory located in Enter-, prise, Alabama. She was duly qualified as to her education and experience and that her duties were to analyze drugs. She said that during the two years she had been employed at the laboratory she had performed tests on vegetable material many times to determine if it was marihuana.
She further testified that on August 29, 1975, she received a large sealed manila envelope from Sergeant Wallace Williams of the Dothan Police Department. She stated there were fourteen white plastic bags containing some vegetable material, a white plastic box containing some seeds and vegetable material, a piece of aluminum foil containing some charred material, two smoking pipes, and an insulin syringe. She testified that the total weight of the material in the plastic bags was 20,0.7 grams. That she conducted an analysis of the material in the plastic bags and found it to be marihuana. She said she conducted an analysis of the material in the white plastic box and found it to be marihuana and there was 53.71 grams by weight. She further stated that both smoking pipes contained prohibited substance.
Prior to trial appellant filed a motion to suppress all evidence obtained pursuant to the search of the residence at Number 73 Ussery Homes on the grounds, (1) that the search and seizure was unwarranted and illegal under the Fourth Amendment, (2) the search was illegal in that it was done without a valid search warrant, (3) that the search warrant was illegal in that the affidavit in support thereof failed to set forth sufficient underlying facts or circumstances from which the recorder issuing the search warrant could have made an independent finding of probable cause, and (4) that the search warrant was illegal in that the affidavit in support thereof failed to set forth sufficient underlying facts or circumstances from which the recorder issuing the search warrant could have made an independent finding of probable cause in that the affidavit fails to state evidence other than hearsay to justify a conclusion that the marihuana to be searched for was where the affiant said it was and the affidavit failed to state evidence other than hearsay to justify a conclusion that the hearsay was reliable.
The motion was set for hearing but the record fails to show that any testimony was taken at the hearing and the motion to suppress was denied.
We have carefully considered the affidavit in this case and hold that it meets the tests laid down in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Bates v. State, 51 Ala.App. 338, 285 So.2d 501, and Russell v. State, 53 Ala.App. 447, 301 So.2d 214.
The affidavit states positively that the reliable informer personally saw appellant’s husband in possession of marihuana at the described residence within the past 48 hours, and further the informer had given affiant information recently that proved to -be true and correct and upon which convictions had been obtained. In addition to this the affiant had personally observed people coming to and leaving this residence who had the reputation of using marihuana. This affidavit more than'meets the “two-prong” test required in Aguilar as to the veracity of the informer and the basis of his knowledge that the drugs were where he said they were.
To hold this affidavit insufficient we would have to completely disregard the case of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, where the Court said, “ * * * * where reason for crediting the source of information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a, commonsense, manner. * * * ”
There were a number of refused charges. The refused charges stating correct principles of law were fully, substantially and adequately covered in the Court’s *199 oral charge. Therefore, there was no error in the refusal of these charges. Title 7, Section 273, Code of Alabama 1940.
The other refused charges were either abstract, confusing, misleading or ungrammatical and for these reasons were properly refused. Paul v. State, 48 Ala.App. 396, 265 So.2d 180; Smiley v. State, 53 Ala.App. 268, 299 So.2d 312; Smith v. State, 51 Ala.App. 527, 287 So.2d 238; Mitchell v. State, 50 Ala.App. 121, 277 So.2d 395.
Appellant briefed this case on appeal on the theory that the State’s case was based on circumstantial evidence when in fact it was tried on direct evidence. All the contraband was found in appellant’s residence with her present in the house at the time of the search. All charges dealing with circumstantial evidence were properly refused as being, abstract. Mitchell v. State, supra.
We find no reversible error and the judgment is affirmed.
AFFIRMED.
TYSON, DeCARLO and BOOKOUT, JJ., concur.