NEILSON, Circuit Judge.
The appellant was convicted of possession of heroin and sentenced to seven years imprisonment in the penitentiary.
I
The defendant, Thurman Moore and his cousin, Henry Moore, came to Huntsville from Ohio for a visit. The defendant bought six ounces of quinine, a substance frequently used to cut or dilute heroin, at a drugstore in Huntsville for $145.00. Moore *883 testified that the quinine was bought solely to treat three calves he and his father-in-law, Nathan Small,' owned in Harvest, Alabama. Pat Edwards, a Deputy Sheriff, observed Moore exit the drugstore, while carrying a package, and enter an automobile; whereupon another agent followed Moore to the home of his father-in-law in Harvest.
Acting upon these observations and upon information received from the pharmacist of the drugstore and from a confidential informant, the police obtained a search warrant to search the home of Nathan Small, Thurman Moore, individually, and the automobile of Thurman Moore. When the search of Small’s home began, Moore was in the den and then was moved to the living room; whereupon, he sat on the couch. Beneath a cushion of the couch on the end where Moore was sitting, a glass vial containing a brownish powder was found by the officers. There were 5.5 milligrams of this powder and an undetermined proportion thereof was later determined to consist of heroin. In the defendant’s shirt pocket a top which fit the vial was found. Attached to this top was a spoon; however, this spoon was smaller than that which is ordinarily used to dissolve heroin. A syringe was found in the rear bedroom of the home, and in the glove compartment of the defendant’s car, another syringe was found. Also six bottles of quinine were found in the defendant’s car.
“Track marks” were present on the defendant’s arms at the time of the arrest, but they do not appear to have been present at the trial. Henry Moore, the cousin of the defendant, also had “track marks” on his arms and he testified that he had used heroin.
II
The first claim of error is that the evidence was entirely circumstantial and insufficient to exclude to a moral certainty every reasonable hypothesis but that of guilt of the appellant. After review of all the evidence, the appellant’s contention is a fruitless one because the jury verdict is well supported by the evidence.
Ill
The major issue of this appeal concerns the sufficiency of the search warrant. The question for determination is whether evidence establishing probable cause was presented to the issuing magistrate. The sole evidence upon which the warrant was issued is contained in the affidavit. The affidavit states:
“On several occasions my confidential informant has given me information concerning illicit drug activities and persons involved in illicit drugs. On each occasion my confidential informant has been found to be reliable after I had checked all information given me by my confidential informant. On 3 July 1975 my informant contacted me by telephone at about 11:40 A.M., and advised that Thomas Moore who would be driving a maroon over white 2-door Buick Electra Ohio Lie #691860 would go Elliott Drug Store, North Parkway, Huntsville, Ala. and purchase Quinine Monohydrochloride. From personal surveillance I observed the above described vehicle go to Elliott Drug and a subject enter the drug store from the vehicle whom I know as a subject who is known as Thomas Moore, at about 2:30 P.M. 3 July 1975. I later observed the same subject exit the drug store with a small package and return to the above vehicle which, which was operated by another male not known to me. I followed the above vehicle to the above address at Rt #1, Harvest, Ala. Further information received by this office is such that a subject, Thurman Moore, who owns and operates a vehicle as described above comes into Huntsville Ala. and Madison County, Ala. several times a year bringing with him “uncut” Heroin. Heroin to be cut in Madison County, Ala. with Quinine purchased by one of the above subjects. That Thurman Moore has no set or known schedule for visiting Madison Co., Ala. and therefore continuous surveil-lence could not be placed on all individuals known to be associates of Thurman
*884 Moore. The confidential informant further advised me on 3 July 1975 at 11:40 A.M. that Thurman Moore usually visits a house on Old Rail Road Bed Rd. in Harvest, Ala. when Thurman Moore transports Heroin to Madison Co., Ala.”
Appellant contends that the affidavit is conclusory and insufficient to support issuance of the warrant and the contraband should be excluded from evidence. Brandies v. State, 44 Ala.App. 648, 219 So.2d 404 (1968); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
The test for determining whether a search warrant is sufficient when based upon hearsay information is found in Aguilar, supra; Clenney v. State, 281 Ala. 9,198 So.2d 293; and Davis v. State, 286 Ala. 117, at page 119, 237 So.2d 640, at page 642 (1970); wherein it is stated that to show a substantial basis for giving credit to an informer’s hearsay as the basis for the issuance of a search warrant the magistrate must be informed of “(a) some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and (b) some of the circumstances from which the officer concluded that the informant was ‘credible’ or his information ‘reliable’ ”.
So long as there appears a substantial basis for crediting the hearsay, an affidavit is not to be deemed insufficient. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Bates v. State, 51 Ala.App. 338, 285 So.2d 501 (1973).
Applying the test set forth in Aguilar, supra, to the case at hand, there is no problem in ascertaining that the second half of the test has been met, because sufficient reliability on the part of the informant is shown in that the officer alleged that the informant had proven to be reliable several times in the past and that he had checked his accuracy. Mathematical tests are not required and an informer need not be shown to be reliable any particular number of times. Bates, supra, at 51 Ala. App. 342, 285 So.2d 501.
In Davis, supra, the court approved a warrant which stated that: “ ‘Information from a person whose record of reliability for correctness has been good.’ ” . “The United States Second Circuit Court of Appeals has approved a statement very similar to the one in the instant case where the informant was simply characterized as ‘an informant of previous reliability.’ United States v. Freeman, 358 F.2d 459, (2 Cir. 1966); Contra, United States ex rel. Palladino v. Gable, 281 F.Supp. 69 (E.D.Pa. 1968).”
As to the other half of the test, the court held in Davis, supra, 286 Ala. at 119, 237 So.2d at 643: “As we read Aguilar and Spinelli, they do not require anything more than a showing of circumstances necessary to enable the magistrate to determine the validity of the informant’s conclusion that the narcotics are where he says they are. This may be by an independent corroborative observation of the officer himself or it may be from information received from the informant himself.” See: Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. “It is important for the magistrate to have information before him on which he can determine that the informant’s conclusions are reasonable ‘so that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld.’ . ” Davis, supra, at 286 Ala. 120, 237 So.2d 643.
In the case at hand there was more than the mere statement of the informant that the appellant transported heroin into the State and brought it to the home of Nathan Small. The officer had received information of a large purchase of quinine to be made and he personally observed the appellant exit from the drugstore with a package and enter the automobile described previously by the informant. Additionally, another officer observed the appellant immediately drive to the home of Nathan Small as the informant had also stated. Consequently, it appears that the magistrate acted reasonably from the facts presented and that there was a sufficient basis for the *885 issuance of the warrant because the affidavit is based upon more than the hearsay of the informant. If the officer had not personally observed the appellant at the drugstore and followed the vehicle to the home, a different result would be reached. The officer verified a portion of the information provided by the informant prior to the execution of the affidavit.
IV
The appellant’s third contention that he was a mere visitor not named in the search warrant and evidence pursuant to the warrant would not be admissable, is wholly without merit. Both the affidavit and search warrant state the name of the appellant therein and the warrant directs the sheriff to search the person of Thurman Moore.
V
After examination of the entire record we conclude that error is not made to appear.
The foregoing opinion was prepared by Honorable Claud D. Neilson, Circuit Judge, temporarily on duty on the Court of Criminal Appeals pursuant to subsection (4) of § 38, T. 13, Code of Alabama 1940, recompiled 1958; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.