Bobby Joe Luster was charged by indictment with unlawfully and knowingly possessing in excess of one kilo or 2.2 pounds of marijuana, contrary to § 20-2-80, Code of Alabama.
The jury found the appellant "guilty of trafficking in cannabis as charged" and the trial court set sentence at three years' imprisonment and assessed a fine of $25,000.
The appellant's motion for new trial was duly overruled.
Prior to trial, a suppression hearing was conducted at which Sheriff Sidney Thrash of Elmore County, testified that on the 14th day of October, 1981, pursuant to a search warrant and accompanied by two of his deputies, he went to the residence of the appellant and there served the warrant, made a search of the residence, and seized approximately 48 pounds of green plant material, which tests revealed to be marijuana.
The appellant himself, his wife Sue Luster, several neighbors and friends, along with the mail carrier for this part of Elmore County, each testified that, in fact, there was no mailbox at the road where the search warrant indicated, and that such had been knocked down and was missing for about two months prior to the date in question.
This was rebutted by Sheriff Thrash and one of his deputies. The motion to suppress was then overruled, the trial court determining *Page 483 
that there was sufficient information given for the officers to properly locate the premises in question. The affidavit by Sheriff Thrash which was dated October 14, 1981, and is attached to the warrant bearing the same date, and which warrant directs a search of the dwelling house, any out buildings or automobiles located on the premises in the Titus area, reads as follows: (R. 4, omitting formal parts).
 "Sidney Thrash, affiant, being first duly sworn on oath deposes and says:
 "(1) That the following property constitutes evidence of criminal conduct: There is marihuana and other illegal drugs located at the residence [of] Bobby Joe Luster in the Titus Area of Elmore County.
 "(2) Affiant further says that the above-mentioned property is located at the following described place: the residence of Bobby Joe Luster located in the Titus Area of Elmore County, directions to the same are as follows: begin at U.S. Post Office located in Titus, Alabama. From the front of said Post Office turn right on County Road # 29 and begin traveling in a southeasterly direction until you reach the Community Grocery. At said Community Grocery turn right on a county paved road located on the far side of said Grocery and continue until you reach the first mail box on the left. Said mail box being located at the driveway of said Luster Residence and said residence being approx. 100 yards off road.
 "(3) Affiant further says that he has probable cause to believe the above-listed property to be searched for and seized is now located upon said described premises, based upon the following facts:
 "I have received information from a reliable informant that I have known for the past 5 years. During such time my said informant has given me information that I have always found to be true and correct and I have used his said information to obtain convictions with. My said informant came to me and stated that he had been to the above mentioned Bobby Joe Luster's residence within the past 24 hours. He continue[d] to state that at that time he saw large quantities of marihuana located therein. I believe this information to be true and correct and I also believe that as a result of this information marihuana will be recovered at said residence."
At trial the State presented the testimony of Charles West and Grady Gibson, each of whom accompanied Sheriff Thrash to the residence of Bobby Joe Luster on October 14, 1981, and who participated in the search of the residence and seizure of the marijuana found on the premises. These witnesses describe finding some ten items, either plastic bags or plastic containers each containing "green plant material" and each of which was taken to State Toxicologist Allen Adair for examination.
Allen Adair testified that he received eight plastic bags, one plastic container and several bundles of plant material and took a sample of "green plant material" from each of these items for examination. Mr. Adair's testimony, after giving his qualifications, which are extensive in this area, described the material which he received from each item as "green plant material which was marijuana." He described the containers as being "8 small clear plastic bags, 1 plastic container and 4 green plastic bundles." (R. 138).
From several tests run on this material, he determined that each container did in fact have marijuana, which was cannabis, contrary to law.
Grady Gibson and Dwight Sparks were then recalled and described taking the material to Mr. Adair on October 15, 1981, and weighing the material and that same did in fact weigh 48 pounds. The officers also testified that they had questioned the appellant after first reading him his Miranda rights and without any threats, intimidation, coercion or inducements, the appellant made the following statement: "Times is hard, and me and my wife need the money." (R. 150).
The officers did concede on cross-examination, that there were some seeds and *Page 484 
branches in the bags, but they "did not know if mature stalks were in them or not."
The appellant's motion to exclude and for a directed verdict was overruled. The appellant did not take the stand or present any testimony in his behalf at the trial in chief.
 I-A
Appellant contends that the trial court erroneously denied his motion to suppress the affidavit and warrant in question, inasmuch as the description was faulty, because of the reference to the location of a mailbox with appellant's name "Luster" on same. The State here presented testimony establishing that the officers at the time of serving the warrant, in fact, saw a dark mailbox with appellant's name on same, as set forth in the affidavit and warrant. The trial judge overruled the motion though appellant presented several witnesses to dispute this matter.
The applicable rule of law is well stated by Judge Bookout inNeugent v. State, 340 So.2d 55 (Ala.Cr.App.), cert. denied,340 So.2d 60 (Ala. 1976) as follows:
 "Although there appears to be some misdirection of the premises to be searched, we do not find this to make the warrant fatal under the circumstances in the instant case.
 "We have held that the description in a search warrant is sufficient if officers can, with reasonable effort, ascertain and identify the place to be searched. If a prudent officer is able to locate the property definitely and with reasonable certainty from the face of the warrant, the description is sufficient. `The description must be such that any person familiar with the locality, can, by inquiring, identify the premises described.' Tyler v. State, 45 Ala. App. 155, 227 So.2d 442 (1969)."
Here the officers stated that they were familiar with the Titus area and had no difficulty in going directly to appellant's residence.
We hold that the description in the affidavit and search warrant was specific enough to identify and locate the residence of the appellant. It is sufficient if the description is such that a prudent officer is able to locate the property with reasonable certainty from the face of the affidavit and warrant. Thus, the trial court properly overruled the appellant's motion to suppress. Bates v. State, 51 Ala. App. 338, 285 So.2d 501 (Ala.Cr.App. 1973), cert. denied, 291 Ala. 773, 285 So.2d 506 (1973), cert. denied 416 U.S. 939,94 S.Ct. 1940, 40 L.Ed.2d 289 (1974).
 B
The appellant also takes issue with the execution of the search warrant in question. The record, however, reveals that the same was executed in fact by Sheriff Sidney Thrash of Elmore County, Alabama.
". . .
 "Q Did you go with other officers out there to execute a search warrant?
"A I did.
". . ." (R. 71).
Beyond question, the search warrant was properly executed in the case at bar. Section 15-5-5, Code of Alabama 1975, as amended.
 II
Appellant asserts that State's Exhibit 5, the plastic container, and its contents, were improperly admitted into evidence.
The testimony of the toxicologist and of the officers, however, properly identifies this matter and the record reflects "that the plant material contained in the plastic bags and in a container was marijuana." (R 132-133). Immediately prior to this identification, the record shows that the State had withdrawn a question following the appellant's objection, the court indicating that it did not rule on the objection, thus there is no adverse ruling by the trial court with reference this identification. *Page 485 
 A
We have carefully examined this record and find that in fact the green plant material was here properly identified by Mr. Adair with reference each of the State's exhibits.
In order to preserve any error, there must be a timely and appropriate objection, prior to the witnesses' answer to a question and an adverse ruling thereon by the court. Kendricksv. State, 378 So.2d 1203 (Ala.Cr.App. 1979).
 B
The appellant also strenuously argues that the State did not properly prove that the contraband which was seized was in fact illegal marijuana in that some of the same contained "mature stalks of plants" and that there was no separation of same in the admission of this material into evidence.
We have carefully gone over each of the items seized at the residence of the appellant, Mr. Luster, and find that Mr. Adair carefully testified that he took a sample of "green plant material" and that none of this was either "seed or mature stalks" in order to make his tests and examinations.
Likewise the officers stated that there may have been "some seeds or branches" in the bag; they did not, however, know if there were any "mature stalks or plants." If, in fact, the bags did contain some seeds or branches, such would not be a basis for its exclusion from evidence in this cause. See Dickerson v.State, 414 So.2d 998 (Ala.Cr.App. 1982). The inclusion of some of such would not be error.
Moreover, it is incumbent upon the appellant to "establish and bring himself within any exclusion which is found not in the enacting clause defining a crime, but rather in a subsequent clause or statute. Specifically, he must establish that the marihuana seeds from his residence contained excludable matter, falling within the definition of such under § 20-2-2 (15)" . . . (Citations omitted). Dickerson v. State, supra.
We hold that there was no error in the admission of the items seized at appellant's residence in the case at bar.
 III
Appellant challenges the admission of his inculpatory statements to the officers in this cause. As has been heretofore stated, the officers properly advised the appellant of his Miranda rights and the record shows a proper voluntariness predicate. As a result; such statement was properly here admitted into evidence. Marvin v. State,407 So.2d 576, (Ala.Cr.App. 1981).
 IV
We have examined the alleged prejudicial remark made by the prosecutor in closing argument in this cause which argument reads as follows: (R. 169-170).
 "(Closing argument by Mrs. Williams during which the following occurred):
 "MRS. WILLIAMS: We have no idea of how much he's already made off of the stuff. Who's been buying it? If this young boy was trying to or attempting to sell these drugs to young kids and the other —
"MR. HOWARD: Now, we object to that.
"THE COURT: Yes, there's no evidence.
 "MR. HOWARD: We ask that the jury be instructed not —
 "THE COURT: Yes, do not consider that statement when you are deliberating, that it was given to young kids, please.
"MR. HOWARD: And —
"THE COURT: Eradicate it from your mind.
 "MR. HOWARD: And we ask for a mistrial on the grounds —
"THE COURT: I deny your motion.
 "MR. HOWARD: — that she made a statement concerning selling it to young kids.
 "THE COURT: I deny your motion. Eradicate it from your minds, Ladies and Gentlemen of the Jury." *Page 486 
As may be seen, the trial judge immediately instructed the jury not to consider the statement that "it was given to young kids," and that they should eradicate it from their minds. We are of the opinion that this prompt action by the trial judge removed any possible error. Shadle v. State, 280 Ala. 379,194 So.2d 538 (1967).
 V
Finally, appellant asserts that the trial court did not properly charge the jury with reference possession of plant material exceeding 2.2 pounds of marijuana. The trial court gave six written requested charges of the appellant which are directly on this question. (Record pages 178-180.) Moreover, the trial court in its oral charge had also covered this question. We hold that the trial court, in fact, properly instructed this jury on this issue under the evidence here presented. Dickerson v. State, 414 So.2d 998 (Ala.Cr.App. 1982).
We have carefully examined this record and find same to be free of error. The judgment of the trial court is therefore due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 959