138 So.2d 266

### Ex parte Robert Earl CRAFT.

Petition for Writ of Error Coram Nobis.

3 Div. 86.

Court of Appeals of Alabama.

Feb. 13, 1962.

**520**

Robert Earl Craft, pro se.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

On trials of separate and distinct indictments, Craft was, in 1960, found guilty of assaulting two different persons on different occasions with intent to murder. The judge fixed a ten-year sentence for each conviction. Separate appeals were submitted to this court. After full statutory review (Code 1940, T. 15, § 389), each case was affirmed. Since "no useful purpose as precedents" would have been served, we omitted opinions in both cases. Code 1940, T. 13, § 66.

Craft now asks our leave to proceed for a writ of error coram nobis in the trial court. The grounds he assigns are: (1) (a) not having been informed of the "nature and charges" against him; (b) not having enough time to prepare his defense; (2) discovery of "newly disclosed evidence" unknown to him and to the court at trial which "would have prevented the rendition"; and (3) *semble,* the same twelve men were on both juries.

■ Grounds (1) (a) and (1) (b) were available for consideration if proper steps were taken on the original trials. Aside from this we note that Craft (a) beat up his wife in July, 1959, and Mr. Charles Hancock on October 31, 1959, (b) apparently (on complaint) was arrested on or about November 22, (c) was arrested on the indictments February 16, 1960; and (d) was tried March 8, 1960. See Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875 (hearing April 16 not too soon after arrest on March 16).

■ The allegation of newly disclosed evidence is in two aspects: (a) threats to make two witnesses for the State testify against him, and (b) the absence of Dr. W. W. Eddins, a State witness, who "was operating at the hospital."

Whether the two witnesses testified falsely is not shown. Nor does Craft aver that the State knowingly used false testimony. Ex parte Reliford, 37 Ala.App. 697, 75 So.2d 90; Caldwell v. State, 36 Ala.App. 612, 63 So.2d 384; Ex parte Gammon, 255 Ala. 502, 52 So.2d 369.

■ Dr. Eddins was not shown to have been subpoenaed by the defense. Our Constitution, § 6, calls for compulsory process. Failing to ask for such process is a waiver of it. Johnson v. Williams, 244 Ala. 391, 13

So.2d 683. Craft does not claim that the State knowingly suppressed the evidence that might have come from Dr. Eddins's being a witness.

 Craft's last ground we do not consider amenable to review by error coram nobis because (a) it is not of an evidentiary fact; (b) the array of jurors was before Craft in each trial; and (c) the jurors who try a defendant in one case are thereby not disqualified to try him in another unless the second case involves substantially the same issues which they have already judged in the first. Smith v. State, 55 Ala. 1; Wickard v. State, 109 Ala. 45, 19 So. 491. See Johnson v. Williams, supra: objection to venire for petty jury could not first be raised by coram nobis.

The Attorney General has moved that we dismiss the application. Since the foregoing analysis suffices to show that the application affords no single instance of a matter reviewable under the sought for writ, and since several grounds of the motion are apt, the

Application is dismissed.