242 So.2d 411

**Kathy DEAN**

v.

**STATE.**
**5 Div. 33.**

Court of Criminal Appeals of Alabama.

Dec. 15, 1970.

Samford, Torbert, Denson & Horsley, Opelika, for appellant.

**366**

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Possession of marijuana: sentence, two years with probation denied.

The State secured its evidence by getting a search warrant. Part of the affidavit laid before the issuing judge read:

"* * * I have received information from a reliable informant that he knows that illegal drugs and Marihuana are being sold and kept in this apartment as he has seen it in there. He has also been to parties where these drugs and Marihuana were used. There is one instance where the police were called to this apartment to check on a woman screaming and the officer who investigated reported the woman to be on drugs. My informant has given me information in the last three months and it has been reliable."

The trial judge who ruled the evidence admissible did not have the opinion of the Supreme Court in Davis v. State, 286 Ala. 117, 237 So.2d 640. There Merrill, J., said in part:

"Finally, we agree with the Court of Criminal Appeals that the affidavit is deficient because it fails to show that the information received from the informant was fresh as opposed to being remote. No date is stated in the affidavit other than the date it was signed before the judge of the county court."

This apparently was approval of our relying on Dandrea v. United States, 8 Cir., 7 F.2d 861 and Rosencranz v. United States, 1 Cir., 356 F.2d 310.

For this error, the judgment below is reversed and the cause remanded.

Reversed and remanded.

ALMON, J., not sitting.