305 So.2d 402

**Joseph Earl KELLER**

v.

**STATE.**

**I Div. 457.**

Court of Criminal Appeals of Alabama.

Nov. 26, 1974.

Thomas A. Deas, Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was indicted for the illegal possession of marihuana. He waived a jury trial and was found guilty by the trial court and sentenced to serve two years in the penitentiary.

The only question presented is whether the affidavit in support of the search warrant was sufficient to establish probable cause.

On November 24, 1972, the search warrant in question was issued by B. C. Sanders, Judge of the City of Prichard, for the search of the premises at 828 Lowndes Street, Prichard, Alabama, for marihuana.

The affiant, G. E. Robinson, a detective on the Prichard police force, along with other officers, went to the designated address at 8:45 A.M. While Detective Robinson conducted a search outside the house, the other officers were admitted inside the house by the appellant. The officer found, inter alia, five plastic bags of plant material over the top shelf of a closet in the front bedroom. This plant material was subsequently identified by a State toxicologist as marihuana.

The affidavit is as follows:

"STATE OF ALABAMA,
COUNTY OF MOBILE,
CITY OF PRICHARD.

"DOCKET NO. ———

CASE NO. ———

"Before me, B. C. SANDERS, Judge of the City of Prichard, Alabama, personally appeared G. E. Robinson who being duly sworn deposes and says: That he has reason to believe B.C.S. that on the premises known as 828 Lowndes the owner of which is any in the City of Prichard, Alabama, there is now being concealed, kept, stored, or offered for sale, contrary to law, certain property, namely: (here describe property), or Marijuana, B.C.S., which are (here give alleged grounds for search and seizure), marijuana contrary to law, contraband and illegal to possess. And that the facts tending to establish the foregoing grounds for issuance of a Search warrant are as follows: Affiant has received information from a reliable informer who I have used in the past and have made 3 arrests in the past 5 months on his information that approx. 10:15 A.M. on the 23rd of Nov. 1972 he saw in the possession of a boy named Joe marijuana at the above mentioned address in the living room. Affiant has personally saw known drug users going in and out of the above mentioned address in the past 2 weeks.

"G. E. ROBINSON
Signature of affiant

"Sworn to before me, and subscribed in my presence the 24th day of Nov., 1972.

"B. C. SANDERS
Judge of the City of Prichard"

Once again we are called upon to consider the troublesome question of what showing is constitutionally necessary to satisfy a magistrate that there is a substantial basis for crediting the report of an informant known to the police, but not identified to the magistrate, who purports to relate his personal knowledge of criminal activity.

The spirit of the now famous decision of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, is that the issuing magistrate perform his function in a neutral and detached manner and not serve merely as a rubber stamp for the police. Toward that end, *Aguilar* set out a two-pronged test:

"[T]he magistrate must be informed of some of the underlying circumstances

from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable.' " 378 U.S. at 114, 84 S.Ct. at 1514.

The information before the issuing magistrate was that the informant "saw in the possession of a boy named Joe marijuana at the above mentioned address . . . ." That information provided by a source proven to be reliable, necessarily indicated that criminal activity was being carried on at 828 Lowndes Street. Unlike the situation in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, Judge Sanders was relying on much more than "a casual rumor circulating [through] the underworld or an accusation based merely on an individual's general reputation." The informant's report was firsthand and there were "underlying circumstances" contained in the affidavit supporting a reasonable conclusion by Judge Sanders as to the reliability of the informer who pinpointed the location of the contraband. See McCray v. State, 50 Ala.App. 143, 277 So.2d 418.

■ The fact that the informer's tip was in evidentiary terms, hearsay, does not make it an improper foundation upon which to base probable cause. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. We have not insisted that the affiant possess or depose any personal knowledge tending to corroborate the alleged criminal conduct, but only that he attest through underlying facts as to the credibility of the undisclosed informant. Buckles v. State, 50 Ala.App. 548, 280 So. 2d 810. This the affiant did, citing "3 arrests in the past 5 months" arising out of previous information furnished by his source. Given this, we hold that the warrant to search the premises at 828 Lowndes Street was based upon probable cause.

■ We have also insisted that the information supplied must speak as of the time of the issuance of the search warrant.

See Dean v. State, 46 Ala.App. 365, 242 So.2d 411; Haynes v. State, 50 Ala.App. 96, 277 So.2d 372; Walker v. State, 49 Ala.App. 741, 275 So.2d 724. In other words, absent fresh information, the likelihood that the illegal contraband is still on the premises becomes too remote to support a finding of probable cause.

■ In Horzempa v. State, 52 Ala.App. 153, 290 So.2d 217, affirmed, 292 Ala. 140, 290 So.2d 220, we held that where the information on which the probable cause was based had been acquired "recently" this was not sufficiently fresh and accordingly the fruits of the search admitted over objection were inadmissible under the "exclusionary rule" of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Here the informant's firsthand observation of marihuana on appellant's premises was less than twenty-four hours old when the search warrant was issued. To insist upon greater promptness on the part of the law enforcement officials would be inconsistent with practical realities.

■ The reputation of individuals for prior criminal conduct, although rarely admissible at trial, certainly has probative value as bearing on the question of whether that precise type of conduct is occurring on premises where such persons frequent. Although we would not hesitate to strike down a search warrant derived solely from this kind of "underlying circumstance," certainly an issuing magistrate could and should have presented to him such information where it corroborates more concrete evidence of criminal activity such as the tip of a reliable informant. See Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L. Ed. 1879.

■ The mere presence of known narcotic offenders on the premises standing alone would not justify a search. However, their presence in the instant case did constitute independent suspect activity which, when combined with the informa-

tion furnished by a reliable source, did measure up to the constitutional prerequisites for a finding of probable cause. *Spinelli*, supra.

We have noted in previous decisions that because of the competing needs of law enforcement agencies to search on the one hand and the right against invasion of privacy on the other, there can be no ready test for the reasonableness of a particular warrant to conduct a search, Dunaway v. State, 50 Ala.App. 200, 278 So.2d 200, cert. denied, 291 Ala. 93, 278 So.2d 205; rather, we will continue to carefully examine every process used to conduct searches on a case-by-case basis. As did the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, we recognize that "affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion." 380 U.S. at 108, 85 S.Ct. at 746. And although we stand vigilant against the issuance of warrants not based upon the magistrate's dispassionate, detached and independent ascertainment of probable cause (Horzempa, supra; Murry v. State, 48 Ala.App. 89, 261 So.2d 922), we are also aware that appellate scrutiny beyond the requirements of Aguilar and Spinelli, supra, would have the effect "discouraging police officers from submitting their evidence to a judicial officer before acting." United States v. Harris, 403 U.S. 573, 577, 91 S.Ct. 2075, 2079, 29 L.Ed.2d 723.

■ We are cognizant of the danger that appellant's counsel has strongly argued in his brief and oral argument to the court. Specifically, that in upholding the conviction in the instant case, our decision might be interpreted as a carte blanche authorization to law enforcement officials to come upon private premises to conduct a search where none of the underlying facts giving rise to the affidavit and warrant legitimizing such search tends to inculpate the person or persons in rightful possession of such premises. In other words, an invitation to the police to search an otherwise private residence where for aught that appears, the party or parties involved in the criminal activity is no more than a trespasser. That is obviously not our holding as the Fourth Amendment right to privacy cannot be subordinated to the right of police to apprehend a criminal taking refuge in the home of an unsuspecting and innocent owner or leasee. Looking as we must to the totality of the circumstances presented to the issuing magistrate, however, we find nothing to indicate that the boy named Joe was not a welcome guest at 828 Lowndes Street, if not in fact the actual owner or lessee. This presumption was reinforced by the corroborating firsthand knowledge of the affiant regarding the frequenting of the premises by known drug users. Under these circumstances we hold that the possibility of an encroachment on the right to privacy becomes too remote to impede the police in suppressing criminal activity.

Affirmed.

All the Judges concur.