Possession of controlled substances (heroin, cocaine, and codeine); sentence: ten years imprisonment and $25,000 fine.
On December 2, 1978, at approximately 7:00 a.m., Montgomery Police Officer J.G. Laing, along with several members of the Montgomery Police Department's narcotics detail and two Montgomery County deputy sheriffs, executed a search warrant on the residence of the appellant at 455-A Lanier Court, Montgomery, Alabama. The drugs for which appellant was convicted were discovered in plain view on top of a dresser in his bedroom and on top of a table in his dining room. The appellant was placed under arrest at his residence upon discovery of the drugs. *Page 1095 
The only issues on this appeal concern the affidavit supporting the search warrant. The affidavit is in pertinent part as follows:
 "Before me, the Honorable Mathis W. Piel, Judge of the Municipal Court of the City of Montgomery, Montgomery County, Alabama, the undersigned being first duly sworn, deposes and says:
 "That he is a police officer in and for the City of Montgomery, Montgomery, Alabama, and that he has reason to believe, probable cause to believe, and, in fact, does believe, that marijuana, a controlled substance, or any compound, mixture or substance containing marijuana, or heroin, cocaine or dilaudid is being kept, stored and concealed in the residence located at 455 `A' Lanier Court, Montgomery, Alabama. This is in violation of the Alabama Uniform Controlled Substances Act of 1971.
 "And the facts tending to establish the foregoing grounds for issuance of a daytime search warrant are as follows:
 "On November 29, 1978, I had a conversation with a confidential and reliable informant who has given me information in the past which has proven to be true and correct. Informant has also furnished information in the past to Sergeant E.B. Alford of the Montgomery Police Department as well as Sergeant T. Hudman which has proven to be true and correct and has led to warrants and correct identification on a subject by the name of R.T. Fuller who robbed the Thoni Gas Station located at 4232 Mobile Highway during the past year. Said informant informed me that within the past twelve hours informant, hereinafter known as `A', was present at the residence located at 455 `A' Lanier Court, Montgomery, Alabama, at which Harold Thornton resides and at that time observed quantities of heroin and cocaine being cut up for distribution. `A' further stated that there was [sic] quantities of dilaudid at that residence.
 "Based on the above information, I have probable cause to believe, and do believe, there is presently located at 455 `A' Lanier Court, Montgomery, Alabama, where Harold Thornton resides, a quantity of marijuana, cocaine, heroin and dilaudid, all of which are controlled substances."
A pretrial motion to quash the search warrant and suppress the evidence was filed by the appellant's counsel and denied after a suppression hearing. After commencement of the trial, a mistrial was declared. Different attorneys entered the case for appellant and filed a motion to "controvert" the search warrant, suppress the evidence, and disclose the informant. Another suppression hearing was held on the second trial. That motion was denied, trial commenced, and the appellant was convicted.
 I
The appellant contends the search warrant should have been suppressed and the evidence excluded because of inconsistent statements made by the affiant, Officer Laing, at the two suppression hearings concerning the affidavit in support of the search warrant.
On the second suppression hearing on June 15, 1979, Officer Laing testified that his informant had given him information some five different times in the past. From Laing's personal knowledge of facts within his division of the police department, such information had resulted in one arrest and one conviction. The informant's information had resulted in other arrests, but concerned matters in other divisions, and Laing could not say whether or not convictions were obtained.
Appellant contends that Laing's testimony was different at the first suppression hearing on May 14, 1979, in the first trial which ended in a mistrial. On that occasion Laing answered questions to the effect that the informant had not previously given him information, and he had no personal knowledge of the informant's credibility. A transcript of that first suppression hearing is included in the record even though it was part of the proceedings of a trial that resulted in a mistrial and is not a part of the second trial which is the subject of this appeal. *Page 1096 
Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt. Section12-22-130, Code of Ala. 1975. Stringer v. State, Ala.Cr.App.,372 So.2d 378 (1979), cert. denied, Ala., 372 So.2d 384;Hammond v. State, Ala.Cr.App., 354 So.2d 280 (1977), cert. denied, Ala., 354 So.2d 294; Forrest v. State, Ala.Cr.App.344 So.2d 231 (1977). The appellant therefore cannot challenge the ruling of the trial judge on a motion filed in a prior proceeding which did not result in a judgment of conviction.
The record in the instant case certainly reveals that Officer Laing made inconsistent statements in the two suppression hearings; however, at no time during the second hearing did the appellant raise that inconsistency. He did not call it to the attention of the trial judge. He did not cross-examine Laing concerning the inconsistency. His sole effort on that occasion was to attempt to disclose the identity of the informant. Officer Laing's testimony on the second hearing was sufficient to support the credibility of his informant. In the absence of the trial judge being apprised of the inconsistent prior testimony, his ruling was correct.
There were no objections taken to this matter either at the first suppression hearing, the second suppression hearing, at trial, or in the motion for new trial. Since this issue has been raised for the first time on appeal, it is not subject to review. Slinker v. State, Ala.Cr.App., 344 So.2d 1264 (1977).
 II
The appellant contends the affidavit supporting the search warrant did not sufficiently meet the requirements of Aguilarv. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584,21 L.Ed.2d 637 (1969), to support a finding of probable cause to search his residence. The appellant specifically alleges that there was no showing the informant was reliable and that the alleged criminal activity of the appellant was not described in sufficient detail.
Aguilar requires that an affidavit based on hearsay information must inform a magistrate of underlying circumstances sufficient to satisfy him of (a) the veracity of the informant and (b) the basis of the informant's knowledge. In addition, the underlying circumstances must be in sufficient detail so as to inform the magistrate that the information he is relying on in the affidavit is "something more substantial than a casual rumor." Spinelli, 393 U.S. at 416,89 S.Ct. at 589.
 Veracity
The following assertion of Officer Laing was used in the affidavit in this case: "On November 29, 1978, I had a conversation with a confidential and reliable informant who has given me information in the past which has proven to be true and correct." The Alabama Supreme Court has approved the use of the assertion, "I have received information from a person whose record of reliability for correctness has been good," as sufficient to support the veracity requirement of Aguilar.Neugent v. State, Ala., 340 So.2d 52, 53, cert. denied,430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977); Davis v. State,286 Ala. 117, 237 So.2d 640 (1970). The above two assertions are essentially the same assertions worded differently. In fact, we believe the assertion in this case to be the stronger of the two. To further support the reliability of the informant, the affiant goes on to state that the informant has previously furnished information to two other police officers that "led to warrants and correct identification" concerning a specific robbery. This court in Keller v. State, 54 Ala. App. 127, 305 So.2d 402 (1974), held that an affiant's assertion that prior information given by an informant led to arrests was a sufficient factual basis to determine the informant's credibility. "[A]n informer need not be shown to be reliable any particular number of times" before the reliability requirement of an affidavit supporting a search warrant is met.Moore v. State, Ala.Cr.App., 340 So.2d 882, 884, cert. denied, Ala., 340 So.2d 885 (1976). *Page 1097 
 Basis
The appellant claims the following assertion in the affidavit fails to meet the basis of knowledge requirement of Aguilar:
"Said informant informed me that within the past twelve hours informant, hereinafter known as `A', was present at the residence located at 455 `A' Lanier Court, Montgomery, Alabama, at which Harold Thornton resides and at that time observed quantities of heroin and cocaine being cut up for distribution. `A' further stated that there was [sic] quantities of dilaudid at that residence." It is clear to this court that the personal observation of illegal drugs at a defendant's residence is not a mere casual rumor. Spinelli, supra.
We conclude that Officer Laing's affidavit was sufficient on its face to support the issuance of a search warrant.
 III
The appellant's last contention of error concerns whether the trial court correctly denied his pretrial motion and attempt at trial to disclose the informant's identity. He claims that without the disclosure and the opportunity to confront the informant under oath, he was "effectively denied `a fair determination of his guilt or innocence.'"
This court in Davis v. State, 46 Ala. App. 45, 237 So.2d 635,638, affirmed, 286 Ala. 117, 237 So.2d 640 (1970), stated:
 "In Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, it is fairly well established that the prosecution is entitled to withhold the identity of the informant for at least two reasons: (1) to foster its activities in detecting crimes by keeping open lines of communications with the underworld and (2) to protect informers from harm or reprisal."
An exception to this privilege is stated in Roviaro v. UnitedStates, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). This exception arises where (1) it appears the informer's name is necessary at the trial itself to show the accused's innocence or guilt and (2) the informant was an active participant in the crime. However, this exception does not arise at a suppression hearing on the question of probable cause for the issuance of a search warrant where there is ample evidence that the officer relied "in good faith upon credible information supplied by a reliable informant." McCray v. Illinois, 386 U.S. 300, 305,87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Kenny v. State, 51 Ala. App. 35, 282 So.2d 387, cert. denied, 291 Ala. 786, 282 So.2d 392
(1973). In this case the appellant relied strictly on the issue of probable cause in his pretrial motion to disclose the informant's identity and also at the suppression hearing; therefore, he has not fallen within the Roviaro exception.
During the trial of this case, the trial court denied the appellant's attorney the opportunity to elicit from Montgomery Police Officer William F. Wright the identity of the informant. A hearing was held out of the presence of the jury wherein the appellant's attorney contended that one Willie Hardin planted the drugs found in the appellant's residence. We believe the trial court correctly followed the law in Roviaro and McCray in denying the answer to the question:
 "COURT: Okay. The only circumstances that I know of wherein the informant's identity must be disclosed by the prosecution is where the informer was a witness or participated in the transaction which serves as the basis of the prosecution. We have possession here. I just do not think that the identity of the informant is vital to the defense in this case. Now, I'm not going to allow the witness to answer the question as to who the informer was. We're talking about possession. We're not talking about sale."
The informer in this case merely supplied information to the law enforcement officer to establish probable cause for a search of the appellant's residence. See: Dixon v. State,39 Ala. App. 575, 105 So.2d 354 (1958). The burden was on the accused to show why the disclosure of the informant was necessary to show his innocence. Hatton v. State, Ala.Cr.App.,359 So.2d 822, cert. quashed, Ala., 359 So.2d 832 (1978). The *Page 1098 
appellant, through his own testimony before the jury, was allowed to develop his defense that he thought Willie Hardin was the informant and that Willie Hardin planted the drugs in his residence. The appellant testified that he saw Willie Hardin often, and he had last seen him five days before this trial. He had also told his attorneys about Willie Hardin. The similarity between this case and Hatton ends there.
The appellant's contention that he was denied the right to confront Willie Hardin (the alleged informant) under oath has no merit. In Hatton the suspected informant was actually called as a witness, but the trial court restricted his testimony. However, in the instant case, the appellant failed to ask for compulsory process for the witness. The failure to ask for compulsory process is a waiver of it. Alabama Constitution 1901, Article I, § 6; Ex parte Craft, 41 Ala. App. 519,138 So.2d 266 (1962).
AFFIRMED.
All the Judges concur.