Possession of cocaine; sentence, two years imprisonment.
Appellant was found guilty, in a non-jury trial, of possession of cocaine in violation of § 20-2-70 (a), Code of Alabama 1975. Appellant admitted possession of the drug as well as admitting that the State could prove a prima facie case beyond a reasonable doubt. He asserted as his only defense the legality of the nighttime search of his residence. He claims the affidavit for the search warrant lacked a showing that the informant was reliable, and a positive averment that the drugs were present.
We quote the pertinent portions of the affidavit supporting the issuance of the search warrant.
"State of Alabama, County of Mobile.
 "Before the undersigned personally appeared who requested a search warrant and in support thereof made oath as follows:
 "1. The (x) PLACE to be searched is in Mobile County and is described as: 3000 Pickell Dr., residence of a white male named Ronnie Collins.
 "2. The PROPERTY to be searched for and seized, if found, is specifically described as:
"Cocaine.
 "3. The GROUNDS for search are that said property ( ) was stolen or embezzled. (xx) was a means of committing the felony of: Possession of Cocaine. ( ) Will be used to commit the offense of:
 "4. The FACTS establishing probable cause for search are:
 "I am Officer Larry Mote of the Mobile Police Dept., Mobile, Alabama. I am presently assigned to the Narcotic Division. On February 22, 1980, I received information from an informant. He stated that within the past 48 hours, he was inside the residence of a white male named Ronnie Collins. While in the residence at that time he observed several clear plastic bags containing a white powder. These plastic bags were in a brown briefcase. This substance was represented by Ronnie Collins to be cocaine. I know that cocaine is commonly packaged in this manner and has this appearance. I have frequently come into contact with persons using and handling this drug in my duties as a narcotic officer. On Feb. 29, 1980 at 8:50 P.M. informant entered residence, located at 3000 Pickell Dr. At 9:11 P.M. informant exited residence and came to me parked down the street. He handed me 1 clear plastic bag containing white powder, which was represented by Ronnie to be cocaine. He also stated when he left residence there was a large plastic bag containing white powder lying on the bar in the kitchen, which was also represented
to be cocaine." [Emphasis added]
 I
No search warrant can be issued unless supported by probable cause, § 15-5-3, Code of Alabama 1975; Alford v. State, Ala.Cr.App., 381 So.2d 203 (1979), cert. denied, Ala.,381 So.2d 206 (1980), and the judge or magistrate is satisfied that such exists. § 15-5-5, Code of Alabama 1975.
Probable cause may be based upon hearsay information from an informant as long as there is a "substantial basis for crediting the hearsay." Clenney v. State, 281 Ala. 9,198 So.2d 293 (1966). A substantial basis exists if the affidavit for the search warrant satisfies the following two-prongedAguilar-Spinelli test: the basis of knowledge prong and the veracity prong. Spinelli v. United States, 393 U.S. 410,89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas,378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
The affidavit in the present case fully satisfies the first prong of the Aguilar-Spinelli test in that it sets forth the detailed observations of the informant while inside appellant's house. The affidavit does not, however, relate any facts regarding the reliability of the informer, and as such, it fails the second, or "veracity" prong of the test. *Page 465 
If the affidavit based on the informant's tip does not meet one of the two prongs of the test, however, it may still provide the basis for probable cause to search if the information is so detailed and specific that a "magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way."Spinelli v. United States, supra. This is known as the self-verifying tip. Hatton v. State, Ala.Cr.App., 359 So.2d 822
(1977).
In the instant case, it is our judgment that the particularity and detail of the informant's observations of contraband inside the appellant's house provided the reliability necessary to credit the hearsay, especially when the informant immediately reported his findings to Officer Mote, who was parked down the street. We therefore hold that the affidavit was sufficient in regard to the informant's reliability.
 II
If a search warrant is to be executed at night, § 15-5-8
requires that the affidavit "state positively that the property is on the person or in the place to be searched." Pianzio v.State, Ala.Cr.App. (1 Div. 186 Ms. Feb. 24, 1981); Peavy v.State, Ala.Cr.App., 336 So.2d 199, cert. denied, Ala.,336 So.2d 202 (1976). The statute does not, however, require an absolutely positive and unequivocal statement. Dean v. State,54 Ala. App. 270, 307 So.2d 77 (1975).
Examination of the affidavit reveals that the affiant had probable cause to believe that a large plastic bag containing cocaine was in the possession of appellant in his kitchen. It is our opinion that there was a sufficiently specific averment as required by § 15-5-8, Code of Alabama 1975. Hare v. State, Ala.Cr.App., 390 So.2d 1126, cert. denied, Ala., 390 So.2d 1129
(1980).
We have found no error in the trial court's ruling, and the judgment of conviction by the Mobile Circuit Court is hereby affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BOWEN, JJ., concur.