EMBRY, Justice.
The writ of certiorari was issued in this case in order to consider whether the Court of Criminal Appeals’ opinion, which holds that the trial court may have abused its discretion in refusing to allow the defendant additional time to call as witnesses two police officers, is in conflict with prior decisions of the Court of Criminal Appeals. Having found that the opinion is in conflict with both Veasey v. State, 45 Ala.App. 469, 231 So.2d 923 (1970), and Ex parte Craft, 41 Ala.App. 519, 138 So.2d 266 (1962), we reverse and remand.
The defendant-respondent, David Otey, was convicted of robbery in the third degree in Madison County Circuit Court.
According to the testimony of two employees of “Bill’s Men’s Wear” in Huntsville, one a male and the other a female, they saw the defendant, while in that store on 30 September 1982, attempt to leave the store with two pairs of pants, property of the store, that defendant had stuffed under his shirt. As the defendant was in the act of going out the door, the female employee attempted to stop him, and he “hit” her in the stomach twice and “threw” her to the floor. The defendant testified that he knew nothing about what happened at Bill’s, that he had never been in the store, and that he had never seen the mentioned female employee prior to trial.
In support of his defense, David Otey testified that he was never “booked” by the police until his photograph, made at the jail, was taken to Bill’s Men’s Wear, where it was shown to one of the eyewitnesses for her identification of Otey as the robber. Thereafter, Otey was promptly “booked.”
To corroborate this testimony, the defense sought the opportunity to examine one or two police officers named as having taken the photograph to the clothing store. The following colloquy took place:
“MRS. TESNEY [defendant’s attorney]: Your Honor, I call another witness. He is on his way.
“THE COURT: Who is that, please.
“MRS. TESNEY: Gordon Petty.
“THE COURT: From where?
“MRS. TESNEY: The Police Station.
“THE COURT: Ladies and gentlemen, if you will, go to the Jury room. We will wait approximately five minutes.
“(Jury left the Courtroom.)
“MRS. TESNEY: Gordon said he was trying to get Officer Turner to come also. I asked him to ask him. I don’t know if he will bring him or not.
“THE COURT: Do you have any other witnesses other than Gordon Petty?
“MRS. TESNEY: No, sir.
“(At this time, a brief recess was had.)
“THE COURT: Note for the record that we have waited sufficient time for the witness to come from the Huntsville Police Department, which is approximately a block and a half from the courthouse, and that he has not arrived, and we sounded in the hall for him; that Mrs. Tesney on behalf of the defendant has asked for additional time and the Court *119 states in view of the fact that Mr. Petty is not under subpoena to this Court that the time is denied. [Emphasis added.]
“(At this time, a brief off-the-record discussion was had.)
“THE COURT: Let Mrs. Tesney make a showing for the record as to what she would seek to show through this witness.
“MRS. TESNEY: We would seek to show through Officer Gordon Petty and through Officer Turner at the Huntsville Police Department that during the period of time to which Detective Parker testified that he had been with David Otey he in fact left David Otey for a period of about an hour while Mr. Otey contacted me by telephone and talked with me as he sat beside Gordon Petty; and Gordon Petty also talked with me on the phone during that period of time. This was prior to David being taken upstairs to be booked into jail.
“THE COURT: What would that tend to prove on behalf of the defendant?
“MRS. TESNEY: Tending to prove that Officer Parker, he did take a photograph that he had taken to Bill’s Men’s Wear or stated to the defendant that he had done so.
“THE COURT: All right. Further in regard to the Court’s ruling based upon the showing that has been made, I would not allow that testimony in face of an objection in view of the fact that it would be an offer to impeach the defendant’s own witness of Officer Parker, who was called and vouched for by the defendant.
“Are you ready to argue the case?
“MRS. TESNEY. I would like to recall Officer Parker if I may.
“THE COURT: All right. Mr. Nunley, bring the Jury out.
“(The jury returned to the courtroom.)”
The defendant appealed his conviction to the Court of Criminal Appeals, arguing that it was reversible error for the trial court to deny his request for more time to produce the two police officers noted above.
The Court of Criminal Appeals found that the record was inconclusive concerning whether the absent witnesses would be of “substantial value” to the defendant. Accordingly, that court ordered the case remanded for a hearing to determine what testimony, if any, the absent witnesses could have provided.
The State argues that the trial court was well within its discretion in refusing to delay the trial further in order to find the absent witnesses in that neither witness had been subpoenaed. We agree.
The Constitution of Alabama guarantees the right of an accused to have compulsory process for securing favorable witnesses. Ala.Const. (1901), Art. 1, § 6. This right may be waived, however, where the accused fails to request it. Ex parte Craft, 41 Ala.App. 519, 138 So.2d 266 (Ct.App.1962). Here, the defense failed to request, at any time, compulsory process on the two missing witnesses. Accordingly, it was entirely within the trial court’s discretion to deny the defendant’s motion for a continuance in order to locate the witnesses. Veasey v. State, 45 Ala.App. 469, 231 So.2d 923 (Ct.Crim.App.1970); Freeland v. State, 34 Ala.App. 313, 40 So.2d 339 (Ct. App.), cert. denied, 252 Ala. 242, 40 So.2d 344 (1949).
We find no abuse of discretion in denying defendant’s motion. The judgment of the Court of Criminal Appeals is reversed and this cause remanded to that court for further action consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
ALMON, J., not sitting.