TAYLOR, Judge.
This appeal is from an order of the Circuit Court of Montgomery County granting appellee William Victor Taylor’s motion to suppress evidence gathered during a search of appellee’s residence. The state maintains that the trial court erred to reversal in the granting of the motion, hence this appeal.
A suppression hearing was held in circuit court and the following was adduced from the testimony: Officer T.J. Azar of the Montgomery Police Department obtained a nighttime search warrant for the residence of the appellee. The warrant was based on information received from a Mr. Joe Todd and his daughter, Angela Hall.
Azar testified that Ms. Hall had contacted him after her sister, Donna Todd, had suffered a drug overdose. Azar stated that Ms. Hall had informed him that Donna Todd had been with appellee the day of her overdose and that she had been present at appellee’s residence and observed a thick white powder, prescription bottles bearing the names of persons other than the appel-lee, and several syringes. According to Azar, Ms. Hall had also observed needle marks on Donna Todd’s arms.
Azar further testified that he was aware of an ongoing investigation of appellee by the narcotics bureau of the Montgomery Police Department. He stated that the police department had been conducting a surveillance of appellee’s residence prior to the execution of the search.
Based on the foregoing information, a nighttime search warrant was issued and executed in the early morning of September 12, 1985. As a result of the search, contraband was recovered and appellee was indicted for possession of marijuana and cocaine.
In granting appellee’s motion to suppress, the court stated in its order:
“Section 15-5-8, Code of Alabama 1975, provides for the issuance of a nighttime search warrant only if the affidavits state positively that the property is on the person or in the placed to be searched. The affidavit before the Court states that Angela Hall saw a coarse white powder at defendant’s residence. No date is given in the affidavit as to when Donna Todd allegedly used cocaine at defendant’s residence. From aught that appears in the affidavit, Donna Todd could have taken cocaine at defendant’s residence two months, six months, or one year ago. This court finds that the probable cause averments in the affidavit do not meet the ‘recent’ probable cause test defined in Davis v. State, 286 Ala. 117, 237 So.2d 640 (1970); Dean v. State, 46 Ala.App. 365, 242 So.2d 411 (Ala.Cr.App. 1970). The other averments in the affidavit concerning the defendant’s prior drug activities are mere conclusions without any factual foundation, and thus do not give rise to a finding of probable cause. As such the court is of the opinion that the motion to suppress heretofore filed by defendant is due to be granted.”
The state maintains that the totality of the circumstances provided the requisite probable cause to support the search warrant. The state argues that the supporting affidavit’s lack of specificity regarding the day on which the observations were made is “hypertechnical and divorced from ‘the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.’ [Citations omitted.]” Massachusetts v. Upton, 466 U.S. 727, 732, 104 S.Ct. 2085, 2087, 80 L.Ed.2d 721 (1984).
The state relies on Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983):
“We also have recognized that affidavits ‘are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.’ ” 462 U.S. at 235,103 S.Ct. at 2330.
The state further relies on our decision in McBride v. State, 492 So.2d 654 (Ala.Cr. App.1986), in which this court held:
“Notwithstanding ... failure to specify time of ... informant’s observation of *851 the contraband, the affidavit provided the magistrate with ... probable cause.”
It must be noted, however, that in McBride a finding of probable cause was based on the past reliability of the informant and therefore the lack of specificity as to time was not fatal in view of the totality of the circumstances. The reliability of the informant effectively cured the otherwise defective warrant. In the instant case, no such track record of reliability existed as to the affiant.
Notwithstanding the distinction between the instant case and our decision in McBride, we hold that the information supplied to Officer Azar provided the requisite probable cause for a nighttime search warrant and, therefore, that the order of the circuit court is due to be reversed.
Code of Ala. 1975, § 15-5-8, provides: “A search warrant must be executed in the daytime unless the affidavits state positively that the property is on the person or in the place to be searched, in which case it may be executed at any time of the day or night. The issuing judge or magistrate must state in the warrant, according to the character of the affidavits, whether it is to be executed by day or at any time of the day or night.”
However, the statute does not require an absolute positive and unequivocal statement. Dean v. State, 54 Ala.App. 270, 307 So.2d 77 (1975). In determining the validity of a nighttime search warrant, this court held in Collins v. State, 410 So.2d 463 (Ala.Cr.App.1982):
“[T]he affidavit based on the informant’s tip ... may ... provide the basis for probable cause to search if the information is so detailed and specific that a 'magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way.’ ...
“[T]he particularity and detail of the informant’s observations of contraband inside the appellant’s house provided the reliability necessary to credit the hearsay, especially when the informant immediately reported his findings.” 410 So.2d at 465.
In the instant case, the record reveals that Donna Todd, on the day of her sister’s overdose, made a search of appellee’s residence and immediately contacted the police department and made a very detailed and particularized statement as to what she had observed. We hold that the statement, in view of the totality of the circumstances, provided the requisite probable cause to support the warrant.
For the foregoing reasons the order of the trial court is reversed and this case remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.